**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────────

**GREGORRY KEARSE, 18-B-2342,**

                                        **Plaintiff,**

**v.**
                                                                **19-CV-1579V(Sr)**
**THOMAS AINI, et al.,**

                                        **Defendants.**

─────────────────────────────────

## <u>REPORT, RECOMMENDATION AND ORDER</u>

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #18.

Currently before the Court is plaintiff's motion to file a late claim (Dkt. #10), and defendant Lucinda Davis' motion to dismiss. Dkt. #29. For the following reasons, it is recommended that plaintiff's motion be denied without prejudice and defendant's motion be denied.

## <u>BACKGROUND</u>

By Final Order on Petition for Custody and Visitation entered March 27, 2018, Family Court Judge Phillip J. Roche awarded joint custody of two of plaintiff's children to plaintiff, Gregorry Kearse; their mother, Tia Kearse; and their aunt, Carrie Kearse, with primary placement of the children with their mother. Dkt. #34, p.9.

On June 14, 2018, plaintiff was arrested at his home, in the presence of his four children, by Hornell Police Officers after a search of the home pursuant to a warrant. Dkt. #34, p.4. Plaintiff was charged with drug related offenses, as well as endangering the welfare of the children. Dkt. #34, p.4. A written safety plan was put into place entrusting the children to the care of their aunt, Carrie Kearse and/or maternal grandmother Marcella Beyor and requiring that plaintiff be supervised by the aunt or grandmother when visiting his children. Dkt. #34, p.4.

A petition for temporary removal of the children was heard in Steuben County Family Court on June 28, 2018. Dkt. #34, p.3. By Order of Family Court Judge Phillip J. Roche dated July 31, 2018, upon consent of plaintiff, the children were placed in the temporary custody of the Commissioner of Social Services of Steuben County to reside with their maternal aunt, Carrie Kearse. Dkt. #34, p.6. Plaintiff was afforded supervised visitation with the children upon his release from incarceration. Dkt. #34, p.3

On August 21, 2018, plaintiff, represented by counsel, consented to the entry of an order in which Family Court Judge Roche found by a preponderance of the evidence that plaintiff "impaired or placed in imminent danger of becoming impaired the physical, mental, or emotional condition of the children . . . by failing to exercise the minimum degree of care in supplying the children with adequate shelter and mental health care and failing to provide the children with proper supervision and guardianship due to engaging in drug use and other drug related offenses such as possession and/or sale of narcotics" and determined that plaintiff "consents to custody of the children to [their aunt]." Dkt. #29-2. The Order was entered on October 16, 2018. Dkt. #29-2.

2

On June 12, 2019, Tia Kearse, on behalf of herself and Greggory Kearse, along with their four children, commenced an action alleging that on June 14, 2018, Sergeant Thomas Aini and Theodore Murray, Chief of the Hornell Police Department, falsely accused and incarcerated Tia and Greggory Kearse and on June 28, 2018, Steuben County Department of Social Services Supervisor Lucinda Davis ("DSS Supervisor Davis"), placed the children in foster care with knowledge that false evidence was provided and that her actions were illegal. 6:19-CV-6429 at Dkt. #1. Attached to the complaint is: (1) a Felony Complaint signed by Sgt. Aini on June 14, 2018 charging Greggory Kearse with criminal sale of a controlled substance, third degree, at Terry Street on May 25, 2018; (2) a Felony Complaint signed by Sgt. Aini on June 14, 2018 charging Tia Kearse with criminal sale of a controlled substance, third degree, at Maple Street on June 13, 2018; and (3) an Information signed by Sgt. Aini on June 14, 2018 charging Tia and Greggory Kearse with endangering the welfare of a child by possessing a quantity of cocaine at 55 Platt Street, the custodial residence of the children. 6:19-CV-6429 at Dkt. #1, pp.19, 21 & 23.

By Decision and Order entered July 25, 2019, the Hon. Frank P. Geraci, Jr. dismissed all potential claims on behalf of Greggory Kearse and the children without prejudice on the ground that, as a *pro se* litigant, Tia Kearse could only represent herself. 6:19-CV-6429 at Dkt. #10. Judge Geraci granted Tia Kearse's application to proceed as a poor person and directed her to file an amended complaint. 6:19-CV-6429 at Dkt. #10.

Tia Kearse's amended complaint alleges that Sgt. Aini and Chief Murray searched her home on May 14 [sic], 2018 and falsely claimed that she was in possession of cocaine around her children and that DSS Supervisor Davis placed her children in foster care on May 28 [sic], 2018 based upon false allegations and in violation of her right to due process.  6:19-CV-6429 at Dkt. #11. Judge Geraci determined that plaintiff had plausibly alleged claims pursuant to 42 U.S.C. § 1983 against Sgt. Aini for false arrest; against the police chief for failure to intervene; and against DSS Supervisor Davis[1] for a violation of Tia Kearse's right to substantive due process. 6:19-CV-6429 at Dkt. #13.

Greggory Kearse filed this action, *pro se*, on November 20, 2019, alleging that Sgt. Aini subjected him to false arrest and malicious prosecution on June 14, 2018 and DSS Supervisor Davis failed to follow protocol when she placed his children in foster care under Article 10 of the New York Family Court Act rather than placing them with a custodial parent on June 28, 2018. Dkt. #1.

In response to the Court's Order (Dkt. #8), directing plaintiff to show cause why his claims were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff

---

[1] DSS Supervisor Davis moved to dismiss Tia Kearse's claims on the following grounds: (1) the domestic relations exception bars plaintiff's claims; (2) plaintiff lacked standing because she consented to entry of an order finding neglect due to engaging in drug use and possession and granting custody of the children to a relative (6:19-CV-6429 at Dkt. #45-1); and (3) she was entitled to qualified immunity. 6:19-CV-6429 at Dkt. #37-3. Judge Geraci denied DSS Supervisor Davis' motion to dismiss, determining that: (1) the domestic relations exception does not divest this Court of subject matter jurisdiction over a federal question arising pursuant to 42 U.S.C. § 1983; (2) plaintiff had standing to contest DSS Supervisor Davis' removal of her children from her custody; and (3) the consent order did not resolve the propriety of her determination to remove the children in the first instance.6:19-CV-6429 at 49.

submitted a copy of his criminal record from the New York State Division of Criminal Justice Services clarifying that he was sentenced to a term of incarceration on August 2, 2018 following his guilty plea on May 30, 2018 to charges of criminal sale of a controlled substance, third degree, on December 21, 2017, while this action pertained to charges of endangering the welfare of a child on June 14, 2018, which were dismissed on August 2, 2018, along with charges of criminal sale of a controlled substance, third degree, on May 25, 2018. Dkt. #9. Plaintiff also filed a motion for leave to file a late claim, alleging that he was mentally incapacitated and not taking his schizophrenia medication within the 90 day period (Dkt. #10), and an amended complaint. Dkt. #11.

By Order entered September 25, 2020, Judge Vilardo determined that plaintiff's claims for false arrest and imprisonment against Sgt. Aini could proceed to service, but dismissed plaintiff's claims against Chief Murray without prejudice for failure to allege personal involvement. Dkt. #14. With respect to DSS Supervisor Davis, Judge Vilardo acknowledged that this Court lacked jurisdiction over state court determinations pertaining to custody, neglect and visitation where such issues were decided after plaintiff was provided a full and fair opportunity to litigate such issues, but determined that plaintiff's claim that he was not given appropriate process prior to the removal of his children could proceed to service. Dkt. #14. Interpreting plaintiff's motion for leave to file a late claim as an attempt to file a notice of claim for a state law tort, Judge Vilardo directed defendants to address whether the statute of limitations for filing such a notice could be tolled due to plaintiff's alleged mental health issues when they responded to the amended complaint following service. Dkt. #14.

5

DSS Supervisor Davis moves to dismiss plaintiff's complaint on the following grounds: (1) the domestic relations exception bars plaintiff's claims; (2) plaintiff lacked standing because he consented to entry of an order finding neglect due to engaging in drug use and possession and granting custody of the children to a relative; and (3) she was entitled to qualified immunity. Dkt. #29-3.

Plaintiff filed a second amended complaint on April 15, 2021, alleging that on June 14, 2018, Chief Murray, who was responsible for supervising Sgt. Aini, was present when Sgt. Aini falsely accused plaintiff of endangering and neglecting his children, resulting in his wrongful incarceration and placement of his children in foster care and, on June 28, 2018, DSS Supervisor Davis placed his children in foster care despite knowing that Sgt. Aini provided false evidence in the legal proceeding and that there was another custodial parent available to care for them. Dkt. #31.

In response to DSS Supervisor Davis' motion, plaintiff states:

> Davis petitioned . . .to have my children removed and placed in the care of [DSS] without my consent or Due Process. I was a custodial parent as well as Carrie Kearse. Lucinda does not qualify for immunity. Her actions were intentional and did not follow protocol. Lucinda placed my children in foster care (social services) with another custodial parent willing to care for them (Carrie Kearse), who was not part of the criminal proceedings involving myself that were current.

Dkt. #34.

Chief Murray and Sgt. Aini answered the second amended complaint on June 27, 2022. Dkt. #41. Their answer alleges, *inter alia*, an affirmative defense of failure to comply with New York General Municipal Law § 50-h. Dkt. #41.

<u>DISCUSSION AND ANALYSIS</u>

**Plaintiff's Motion for Leave to File Late Notice of Claim**

Pursuant to New York General Municipal Law §50-e(5) & (6), an application for leave to serve a late notice of claim may be made to the supreme or county court in a county where the action may properly be brought for trial or in the county where an action to enforce the claim is pending no later than the time allowed for commencement of an action by the claimant against the public corporation. Section 50-i of New York's General Municipal Law provides that such an action must be commenced within one year and 90 days of the event upon which the claim is based. As noted by Judge Vilardo, this period may be extended for the period of disability if the plaintiff was under a disability due to insanity. N.Y. C.P.L.R. § 208. However, federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim. *Dingle v. City of New York*, 728 F. Supp.2d 332, 348-349 (S.D.N.Y. 2010); *Lipinski v. Skinner,* 700 F. Supp. 637 (N.D.N.Y. 1988). Therefore, it is recommended that, to the extent that plaintiff's second amended complaint could be construed as raising pendent state claims, any such claims be dismissed without prejudice to reinstatement should plaintiff obtain leave to file a late notice of claim from the appropriate state court. *See Brown v. Metropolitan Transp. Auth*., 717 F. Supp. 257, 260 (S.D.N.Y. 1989) ("Until the state legislature amends § 50-e(7) to include federal trial courts, we have no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim.").

7

**Defendant's Motion to Dismiss**

<u>Domestic Relations Exception</u>

The domestic relations exception to diversity jurisdiction provides that federal courts will not exercise subject matter jurisdiction over cases on the subjects of divorce, alimony, or the custody of children. *Mochary v. Bergstein*, 42 F.4th 80, 88 (2d Cir. 2022), *citing Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). However, the domestic relations exception does not apply to cases before the court on federal question jurisdiction. *Pappas v. Lorintz*, 832 Fed. App'x 8, 11 (2d Cir. 2020), cert. denied, __ U.S. __, 141 S.Ct. 2628 (2021); *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019), *cert. denied*, __ U.S. __, 140 S.Ct. 2763 (2020). In as much as plaintiff's claims assert a federal question pursuant to 42 U.S.C. § 1983, the motion to dismiss should be denied on the ground that the domestic relations exception is not applicable.


<u>Standing</u>

Standing is a jurisdictional question that is adjudicated under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Alliance for Env. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 88 n.6 (2d Cir. 2006).  The doctrine of standing limits the ability to maintain a lawsuit in federal court to individuals who have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a favorable judicial decision. *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). To establish an injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations

omitted). The plaintiff bears the burden of alleging facts that affirmatively and plausibly allege standing. *Liberian Cmty. Assoc. of Ct. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020).

"Parents have a 'substantive right under the Due Process Clause to remain together with their children without the coercive interference of the awesome power of the state." *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2012), *quoting Tennebaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999), *cert. denied*, 568 U.S. 1150 (2013). Before parents may be deprived of the care, custody, or management of their children without their consent, they also have a procedural right to due process, such as a court proceeding, except in emergency circumstances where there is objectively reasonable evidence that the child will be left without care and supervision or that there is an immediate threat to the safety of the child. *Id.* at 149. A substantive due process claim challenges the fact of the removal itself, while a procedural due process claim challenges the procedure by which a removal is effected. *Id.* at 142.

To establish a substantive due process violation based upon the removal of a child from the home, "a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 151. Where a caseworker "has a reasonable basis for thinking the child is abused or neglected," no constitutional violation will be found. *Id.* at 152. Where a plaintiff's arrest and incarceration would leave a child without care and supervision, sufficient emergency circumstances obviate the need for a hearing prior to removal. *Id.*

at 149. Moreover, a prompt post-removal judicial hearing confirming a reasonable basis for the removal will preclude a substantive due process claim. *Id.* at 153.

As plaintiff has alleged that his constitutional right to manage care and custody of his children was infringed by DSS Supervisor Davis' decision to place them in in DSS custody, he has plausibly alleged an actual injury caused by defendant that could be remedied by the court. Accordingly, plaintiff has established standing.

Qualified Immunity

While the defense of qualified immunity may be asserted on a Rule 12(b)(6) motion, such a finding is appropriate only if the elements of the defense are contained within the complaint. *See McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir. 2004) ("[W]e so no reason why even a traditional qualified immunity defense may not be asserted on a Rule 12(b)(6) motion as long as the defense is based on facts appearing on the face of the complaint."). The availability of qualified immunity is often fact-intensive, however, and may require a more developed record on summary judgment or factual determinations by a jury before the court can determine whether it precludes a plaintiff's claim. *Birch v. City of New York*, 184 F. Supp.3d 21, 28 (E.D.N.Y. 2016), *aff'd* 675 Fed. App'x 43 (2d Cir. 2017).

"Qualified immunity shields public officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Southerland*, 680 F.3d at 141, *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "In general, public officials are

entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Id.* A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id., quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In the instant case, the Court lacks sufficient information to determine, *inter alia*, whether it was objectively reasonable for DSS Supervisor Davis to place the children in DSS custody. Accordingly, it is recommended that defendant's motion to dismiss be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's motion to file a late claim (Dkt. #10), be denied without prejudice and defendant Lucinda Davis' motion to dismiss (Dkt. #29), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
January 31, 2023

     s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**